**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARCELO ROEL ESTEBAN CISNEROS, a.k.a. Mario Lopez,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-70786<br><br>Agency No. A071-588-200<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 26, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Marcelo Cisneros, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, *Zhou v. Gonzales*, 437 F.3d 860, 864 (9th Cir. 2006), and we deny the petition for review.[1]

Cisneros does not challenge the BIA's holding that he was convicted of an aggravated felony, and he therefore is ineligible for asylum. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (holding that issues not specifically raised and argued in a party's opening brief are waived); *see also* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i); *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111-12 (9th Cir. 2011) (recognizing that a conviction for an aggravated felony makes an alien statutorily ineligible for asylum).

Cisneros contends that, when deciding that he was ineligible for withholding of removal, the IJ and BIA were required to determine whether his prior conviction constituted a particularly serious crime. We reject that contention because it was not necessary for either the IJ or the BIA to determine whether Cisneros was convicted of a particularly serious crime since both the IJ and the BIA determined that Cisneros failed to meet his burden of proof for withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and

---

[1] Because the parties are familiar with the facts and procedural history underlying this appeal, we do not recount them here.

agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *see also Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Cisneros relies on *Matter of Chen*, 20 I. & N. Dec. 16 (BIA 1989), to argue that he is entitled to CAT relief because of his past experiences in Guatemala. This reliance on *Chen* is misplaced. *Chen* has been codified at 8 C.F.R. § 208.13(b)(1)(iii)(A), which is limited to claims for asylum and does not apply to applicants such as Cisneros who have been convicted of aggravated felonies. *See* 8 C.F.R. §§ 208.13(b)(1)(iii)(A) & (c)(2)(i)(D). Cisneros does not contend that the record compels a finding that it is more likely that not that, if he is removed, he will be tortured. He therefore has waived that issue. *See Martinez-Serrano*, 94 F.3d at 1259-60.

**PETITION FOR REVIEW DENIED**.